UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMINION REBAR COMPANY and<br>BARKER STEEL COMPANY, INC.<br>Plaintiffs | : | |
| v. | : | C.A. No. 05-259T |
| SAFECO INSURANCE COMPANY<br>OF AMERICA<br>Defendant | : | |

**ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA**

Defendant, Safeco Insurance Company of America ("Safeco"), through its undersigned counsel, and for its Answer to the Complaint filed in the above-referenced cause, states as follows:

1. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 1 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.
2. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 2 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.
3. Safeco admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.
4. Safeco admits that Plaintiffs are engaged in the business of supplying steel and steel-related products. Safeco lacks information sufficient to determine the truth or falsity of the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint and therefore denies each and every remaining allegation.
5. Paragraph 5 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual

allegations in paragraph 5, Safeco denies each and every allegation contained therein.

6. Paragraph 6 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual allegations in paragraph 6, Safeco denies each and every allegation contained therein.
7. Safeco admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.
8. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 8 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.
9. Safeco admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.
10. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 10 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.
11. Safeco admits the allegations contained in paragraph 11 of Plaintiffs' Complaint.
12. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 12 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.
13. Safeco admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.
14. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 14 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.

15. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 15 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.

16. Safeco admits that on or about June 15, 2005, Plaintiffs made demand for sums allegedly due from Ravin on the above-referenced contracts.

17. Safeco lacks information sufficient to determine the truth or falsity of the allegations contained in paragraph 17 of Plaintiffs' Complaint and therefore denies each and every allegation contained therein.

18. Safeco restates its answers contained in paragraphs 1 through 17 of this Answer and incorporates by reference each as though fully set forth herein.

19. Paragraph 19 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual allegations in paragraph 19, Safeco denies each and every allegation contained therein.

20. Paragraph 20 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual allegations in paragraph 20, Safeco denies each and every allegation contained therein.

21. Paragraph 21 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual allegations in paragraph 21, Safeco denies each and every allegation contained therein.

22. Paragraph 22 of Plaintiffs' Complaint states legal conclusions to which no answer is required. Further answering, to the extent that plaintiffs make factual allegations in paragraph 22, Safeco denies each and every allegation contained therein.

WHEREFORE, Safeco demands judgment against Plaintiff on each and every count of Plaintiff's Complaint, plus costs, attorney's fees, and such other and further relief as may be appropriate under the circumstances.

Defendant, Safeco Insurance
Company of America
By Its Attorney,

John E. Bulman (#3147)
Little Medeiros Kinder Bulman &
Whitney, PC
72 Pine Street
Providence, RI 02903
401-272-8080
401-521-3555 Fax

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to comply with all conditions precedent required to bring suit on the bond.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' are estopped by their own acts and conduct.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by applicable Statutes of Limitation.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred due to a lack of contractual privity between plaintiffs and Safeco.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims should be dismissed due to their failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff waived its rights to enforce the claims presented in this Complaint.

WHEREFORE, Safeco demands judgment against Plaintiff on each and every count of Plaintiff's Complaint, plus costs, attorney's fees, and such other and further relief as may be just and proper under the circumstances.

Defendant, Safeco Insurance
Company of America
By Its Attorney,

John E. Bulman (#3147)
Little Medeiros Kinder Bulman &
Whitney, PC
72 Pine Street
Providence, RI 02903
401-272-8080
401-521-3555 Fax

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing Answer of Defendant Safeco Insurance Company was served this 21st day of July, 2005, by sending a copy of the same via U.S. Mail, postage prepaid, to:

John T. Walsh, Jr.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Attorney for Plaintiffs Dominion Rebar Company and
Barker Steel Company, Inc.

Mary E. DeFontes



F:\Andy\Cardi\Dominion Rebar\Answer & Third Party Complaint.doc