UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMINION REBAR COMPANY and BARKER STEEL COMPANY, INC. Plaintiffs | : | |
| v. | : | C.A. No. 05-259T |
| SAFECO INSURANCE COMPANY OF AMERICA Defendant, Third-Party Plaintiff | : | |
| v. | : | |
| RAVIN STEEL COMPANY, Third-Party Defendant | : | |

## THIRD-PARTY COMPLAINT

Defendant, Safeco Insurance Company of America ("Safeco"), by its undersigned counsel and pursuant to Rule 14 of the Federal Rules of Civil Procedure, asserts the following Third Party Complaint against Ravin Steel Company ("Ravin").

### Parties and Jurisdiction

1. Defendant/Third-Party Plaintiff Safeco is a company engaged in the issuance of bonds related to construction projects with a principal place of business the State of Washington.
2. Third-Party Defendant Ravin is a company engaged in the sale and installation of steel. Ravin is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business at 49 Farnum Street, Tiverton, RI 02878.
3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1367 in that this claim for relief joins a third-party defendant involved in the same operative transactions

to which the original claims pertained. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the third-party defendant herein is a resident of this judicial district.

**Facts**

5. In or around March, 2001, Cardi Corporation ("Cardi") entered into an agreement with the State of Rhode Island for the construction of the Post Road Interchange Project, Phase 1.
6. On March 9, 2001, Cardi entered into an agreement with Safeco whereby Safeco agreed to act as surety on the Post Road Interchange Project, Phase 1.
7. In or around March, 2001, Cardi entered into an agreement with Ravin whereby Ravin agreed to provide labor and/or materials for use in the Post Road Interchange Project, Phase 1.
8. In or around February, 2002, Cardi entered into an agreement with the State of Rhode Island for the construction of the Meshanticut Interchange Bridges Project.
9. On February 12, 2002, Cardi entered into an agreement with Safeco whereby Safeco agreed to act as surety on the Meshanticut Interchange Bridges Project.
10. In or around February, 2002, Cardi entered into an agreement with Ravin whereby Ravin agreed to provide labor and/or materials for use in the Meshanticut Interchange Bridges Project.
11. In or around February, 2002, Cardi entered into an agreement with the State of Rhode Island for the construction of the West Davisville Road Interchange Project.

12. On February 28, 2002, Cardi entered into an agreement with Safeco whereby Safeco agreed to act as surety on the West Davisville Road Interchange Project.
13. In or around February, 2002, Cardi entered into an agreement with Ravin whereby Ravin agreed to provide labor and/or materials for use in the West Davisville Road Interchange Project.
14. In or around December, 2002, Cardi entered into an agreement with the State of Rhode Island for the construction of the North Kingstown Transfer Station Project.
15. On December 27, 2002, Cardi entered into and agreement with Safeco whereby Safeco agreed to act as surety on the North Kingstown Transfer Station Project.
16. In or around December, 2002, Cardi entered into an agreement with Ravin whereby Ravin agreed to provide labor and/or materials for use in the North Kingstown Transfer Station Project.
17. Plaintiffs Dominion Rebar Company ("Dominion") and Barker Steel Company, Inc. ("Barker") have brought suit against Safeco, in Safeco's capacity as surety on the above-described projects.
18. Plaintiffs allege that they provided materials to Ravin pursuant to the above-described contracts and that Ravin failed to make the required payments.
19. Pursuant to the above-described contracts between Safeco and Cardi, Safeco is entitled to raise any claim or defense that would have been available to Cardi.

**Count I – Indemnification**

20. Safeco restates the allegations in paragraphs 1 through 19 of this Third-Party Complaint and incorporates each by reference as though fully set forth herein.

21. The contracts between Ravin and Cardi, referred to in paragraphs 7, 10, 13 and 16 of this Third-Party Complaint, contain an Indemnification Clause. The Indemnification Clause contains, *inter alia*, the following language: "The subcontractor shall indemnify and hold the Contractor harmless from…costs, judgments or claims of any nature against the subcontractor or the Contractor which arise…out of the performance of this Subcontract." The contracts further provide that Cardi is entitled to all legal fees incurred as a result of defending a claim against Ravin.
22. Upon information and belief, Cardi paid Ravin in full for all materials supplied to Ravin by all suppliers and/or other subcontracting entities pursuant to the above-described contracts.
23. Dominion and Barker allege that they did not receive payment for labor and/or materials supplied to Ravin pursuant to the above-described contracts.
24. Safeco, as surety for the above-referenced contracts, is entitled to full indemnification from Ravin for any and all amounts due to Dominion and/or Barker pursuant to the indemnification clauses of the above-described contracts.

WHEREFORE, Safeco prays judgment against Ravin to the full extent of any judgment entered against Safeco in favor of Dominion and/or Barker in this action, together with its costs, attorney's fees, and all other relief this Court deems just and proper under the circumstances.

## **Count II – Breach of Contract**

25. Safeco restates the allegations in paragraphs 1 through 24 of this Third-Party Complaint and incorporates each by reference as though fully set forth herein.

26. Cardi paid Ravin in full for all materials supplied to Ravin pursuant to the above-described contracts, including for all labor and/or materials supplied to Ravin by any supplier or other subcontracting entities.

27. Pursuant to the contracts between the Ravin and Cardi, Cardi was to submit payments solely to Ravin for all bills received by Ravin, related to the above-referenced contracts, from any supplier or other subcontracting entity.

28. Pursuant to the contracts between Ravin and Cardi, Ravin was contractually obligated to remit such funds to each supplier or subcontracting entity.

29. Pursuant to the above-described contracts, Ravin and Cardi agreed that Ravin would refund any money expended by Cardi, including all legal fees, in defense of a claim that is paid by Cardi but chargeable to Ravin's conduct pursuant to the contracts.

30. To the extent that Ravin failed to pay any supplier or subcontracting entity related to the above-referenced contracts, Ravin breached its contractual obligations.

31. As surety on the above-referenced contracts, Safeco was a third-party beneficiary to any and all contracts between Ravin and Cardi.

32. Safeco, as surety on the contracts, has been damaged by Ravin's breach in that Safeco may face liability on its bonds for any amounts Ravin failed to remit pursuant to Ravin's obligations on the above-referenced contracts.

WHEREFORE, Safeco prays judgment against Ravin to the full extent of Ravin's breach and/or breaches of contract, together with its costs, attorney's fees, and all other relief this Court deems just and proper under the circumstances.

**Count III – Conversion**

33. Safeco restates the allegations in paragraphs 1 through 32 of this Third-Party Complaint and incorporates each by reference as though fully set forth herein.

34. Cardi submitted funds to Ravin that were specifically identifiable pursuant to the above-referenced contracts and were placed in Ravin's custody solely for the purpose of delivering those funds to the appropriate supplier or subcontracting entity.

35. Ravin converted those funds to its own use by exercising dominion over those funds and by depriving the true owner of their value.

36. Safeco, as surety on the contracts, has been damaged by Ravin's conversion in that Safeco may face liability on its bonds for any amounts Ravin converted in derogation of the rights of the true owner.

WHEREFORE, Safeco prays judgment against Ravin to the full extent of Ravin's conversion of funds, together with its costs, attorney's fees, and all other relief this Court deems just and proper under the circumstances.

Defendant, Safeco Insurance
Company of America
By Its Attorney,

John E. Bulman (#3147)
Little Medeiros Kinder Bulman &
Whitney, PC
72 Pine Street
Providence, RI 02903
401-272-8080
401-521-3555 Fax

**CERTIFICATE OF SERVICE**

The undersigned certifies that a summons and a copy of the foregoing Third-Party Complaint was served on Defendant Ravin Steel in accordance with Rule 4 of the Federal Rules of Civil Procedure. The undersigned further certifies that a true and complete copy of the foregoing Third Party Complaint was served this 28th day of July, 2005, by sending a copy of the same via U.S. Mail, postage prepaid, to:

John T. Walsh, Jr.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
Attorney for Plaintiffs Dominion Rebar Company and
Barker Steel Company, Inc.